R. M. SANDERS v. J. B. HAMILTON, ET AL.

(Filed 2 February, 1951.)

**1. Payment § 8—**

Where a mortgage is given to secure two debts, nothing else appearing, the law does not perforce prefer one over the other in foreclosure.

**2. Trial § 30—**

In passing upon whether defendant is entitled to a directed verdict, plaintiff's evidence should not only be taken as true, but also should be considered in its most favorable light to plaintiff, giving plaintiff every reasonable intendment and legitimate inference fairly deducible therefrom.

**3. Limitation of Actions § 12a: Payment § 8—Whether creditor was entitled to remit interest on one note to make part payment on others held for jury.**

Plaintiff's testimony was to the effect that the chattel mortgage executed by defendants was given as security for money loaned and as additional security for notes secured by a deed of trust theretofore executed by defendants. In plaintiff's action to foreclose the chattel mortgage, defendants paid a certain sum under a compromise agreement. Plaintiff deducted from the sum recovered the amount actually loaned on the chattel mortgage, without interest, and applied the balance *pro rata* to the notes secured by the deed of trust. *Held:* The prayer for relief in the action to foreclose the chattel mortgage is not controlling, and whether plaintiff was entitled to make the credits in this manner so as to constitute a part payment on the notes secured by the deed of trust and thus prevent the bar of the statute of limitations should have been submitted to the jury, and a directed verdict for defendant is error.

**4. Mortgages § 38—**

In a suit to recover on purchase money notes and to foreclose deed of trust given as security therefor, defendants may not set up as a counterclaim embarrassment resulting from foreclosure of a prior mortgage executed by plaintiffs before their conveyance of the land to defendants, since defendants could have paid the prior lien and avoided the suit to foreclose.

BARNHILL, J., dissenting.

ERVIN, J., concurs in dissent.

APPEALS by plaintiff and defendants from *Godwin, Special Judge,* July Term, 1950, of PENDER.

Civil action to recover on six promissory notes and to foreclose deed of trust on land given as security for the payment of the notes.

The notes in suit, each for the sum of $500.00, were executed 24 December, 1926, and matured serially thereafter on 1 November, 1927, '28, '29, '30, '31, '32, respectively.

Thereafter, on 5 February, 1927, the defendants executed and delivered to plaintiff another note in the sum of $400.00 due and payable 1 Novem-

ber, 1927, secured by chattel mortgage, $114.85 of which was for money loaned and the balance of $285.15 "was to better secure these real estate notes," according to plaintiff's unchallenged testimony.

In October, 1937, plaintiff brought an action to foreclose this chattel mortgage, and resulted in a compromise settlement of $162.50, which defendants paid to plaintiff's attorney on 12 January, 1938. Plaintiff's attorney retained $12.50 as his fee and remitted the balance of $150.00 to plaintiff. The plaintiff credited the chattel mortgage note with $114.85, the loan represented therein, and the balance of $35.15 was credited ratably on the six real estate notes involved herein. (Plaintiff concedes that defendants are entitled to a further credit of $12.50 which his counsel retained as his fee.) Plaintiff testified, without objection, "I did not charge, receive or collect any interest on the $114.85." This present action was instituted 8 January, 1948.

The defendants set up in bar of plaintiff's right to recover the ten-year statute of limitations and also allege that they have been damaged in the sum of $1,000.00 over and above plaintiff's claim, by reason of a suit brought by a prior lienholder to foreclose prior mortgage on the land here involved.

The plaintiff demurred *ore tenus* to the allegation of damages in the defendants' answer.

The court held as a matter of law that the notes in suit were barred by the ten-year statute of limitations and so instructed the jury. Exception by plaintiff.

The court also sustained the plaintiff's demurrer to the allegation of damage in the defendants' answer. Exception by defendants.

From the judgment entered dismissing the action, both sides appeal, assigning errors.

*John C. Best and J. C. Sedberry for plaintiff, appellant.*

*Moore & Corbett and Isaac C. Wright for defendants, appellants, appellees.*

STACY, C. J. The correctness of the ruling on the statute of limitations turns on the validity of the credits entered by plaintiff on the notes in suit 12 January, 1938. This was a matter for the jury under proper instructions from the court. *Lee v. Manley,* 154 N.C. 244, 70 S.E. 385; *Miller v. Womble,* 122 N.C. 135, 29 S.E. 102; *Young v. Alford,* 118 N.C. 215, 23 S.E. 973.

The contention that the whole of the compromise settlement should first be used to repay the money loaned *with interest* before any part of the settlement could be applied to the real estate notes would seem to overlook the testimony of the plaintiff that he neither charged nor received

any interest on the money loaned, and the further circumstance that the chattel mortgage was also given "to better secure these real estate notes," which were then unbarred by the 10-year statute of limitations. Where a mortgage is given to secure two debts, nothing else appearing, the law would not perforce prefer one over the other in foreclosure, since ordinarily there can be but one foreclosure of a security lien. *Layden v. Layden,* 228 N.C. 5, 44 S.E. 2d 340. Moreover, on motion to nonsuit or for directed verdict the plaintiff is not only entitled to have the evidence making for his cause taken as true, but also to have it considered in its most favorable light, together with every reasonable intendment and legitimate inference fairly deducible therefrom, the ultimate weight and credibility of the evidence, of course, including any reconciliation of discrepancies or contradictions in plaintiff's own testimony, being for the jury. *Brafford v. Cook,* 232 N.C. 699; *Williams v. Kirkman,* 232 N.C. 609, 61 S.E. 2d 706. It is true the jury may reject the favorable intimations of plaintiff's testimony and accept the unfavorable ones, still this is a matter for them and it is not for the court to determine. *Journigan v. Ice Co., post,* 180.

Nor is the prayer of a complaint necessarily controlling in the disposition of a recovery where the plaintiff recovers not according to his prayer, but by compromise, or by agreement *dehors* the prayer. Recovery is usually determined by evidence, or agreement, and not by the plaintiff's demand.

The plaintiff admits that the first note—the one that matured 1 November, 1927—was already barred at the time of the credit of 12 January, 1938, hence under the decision in *Bond v. Wilson,* 129 N.C. 387, 40 S.E. 182, he abandons any further right to recover on this note.

No error has been made to appear on defendants' appeal. They could have avoided any embarrassment by paying the prior encumbrance rather than allowing suit to be brought to enforce it. Moreover, it may be doubted whether the allegations of the answer are sufficient to state a counterclaim. *Smith v. McGregor,* 96 N.C. 101, 1 S.E. 695.

On plaintiff's appeal, New trial.

On defendants' appeal, Affirmed.

BARNHILL, J., dissenting: At the time the defendant made compromise settlement of the claim and delivery proceeding instituted on the chattel mortgage, the note secured thereby was more than ten years old. The note was for $400. Plaintiff testified it was given for $114.85, money advanced, and the balance was additional security for real estate notes. The plaintiff, in his complaint in the claim and delivery action, demanded interest on the debt. That demand has never been withdrawn. Nor, on this record, have the defendants ever been notified of his decision (appar-

ently made after he received the money) not to charge interest. It constituted a part of his claim when settlement was made. The money advanced on the note with interest exceeded the $162.50 paid in settlement thereof. The payment was made in the settlement of the pending suit, and nothing was said about crediting any part of the payment on the real estate notes.

When defendant purchased the land, he conveyed to plaintiff, in part payment, property valued at $1,300. There was an undisclosed outstanding mortgage on the property conveyed to defendants in the sum of $3,500, together with taxes for five years, which defendants were compelled to satisfy in order to save the property.

In August 1927 plaintiff instituted an action to enjoin the defendants from cutting timber standing on the land conveyed to them. In his complaint he swore that he held no security for his notes other than the real estate mortgage. After defendants learned of the outstanding first mortgage, they made no further payment on the real estate notes and resisted a suit on the $700 note. In 1928 plaintiff undertook to foreclose his real estate mortgage.

These facts, in my opinion, repel any suggestion that defendants paid the $162.50 in recognition of the alleged debt represented by the real estate notes, or with the intent that any part thereof should be credited thereon.

This is not a case where the debtor made a payment without directions as to its application, leaving the creditor to credit it on either debt. The payment was made for the specific purpose of settling the claim and delivery action and protecting the defendants' personal property conveyed in the chattel mortgage. The payment was not sufficient to cover the money advanced with interest thereon which was the primary consideration of the mortgage. The balance, if any, was to secure the real estate notes, or so plaintiff testified.

A payment sufficient to arrest the statute of limitations must be made by the debtor as a part payment on a larger indebtedness, known to and recognized by him and under circumstances which raise an implied promise to pay the balance. 34 A.J. 267. To have the effect of tolling the statute, the payment must be made and accepted as payment of part of the particular indebtedness in question under circumstances such as warrant a clear inference that the debtor recognizes the whole of the debt as an existing liability and indicates his willingness, or at least his obligation, to pay the balance. The payment must be distinct, unequivocal, and without qualification, and the debt or obligation must be definitely pointed out by the debtor and an intention to discharge it in part made manifest. 34 A.J. 265.

This rule has been adopted in this jurisdiction and is fully supported by decisions of this Court. *Hewlett v. Schenck,* 82 N.C. 234; *Young v. Alford,* 113 N.C. 130, and cases cited; *Battle v. Battle,* 116 N.C. 161; *Supply Co. v. Dowd,* 146 N.C. 191; *Piano Co. v. Loven,* 207 N.C. 96; *Bryant v. Kellum,* 209 N.C. 112; *Saieed v. Abeyounis,* 217 N.C. 644; Anno. 36 A.L.R. 352, 156 A.L.R. 1084.

The subject is fully discussed by *Walker, J.,* in *Supply Co. v. Dowd, supra.* And in *Nance v. Hulin,* 192 N.C. 665, *Adams, J.,* after stating the abbreviated rule, says: "It is necessary that the payment be voluntary, that it be such as to imply in law that the debtor acknowledges the debt and distinctly promises to pay it; but a payment made under circumstances which repel such implied promise will not stop the running of the statute. (Citing cases.)"

It may be that "recovery is usually determined by evidence, or agreement, and not by the plaintiff's demand." But here plaintiff has no evidence of any agreement other than the one contained in the written contract. He himself testified: "I have not got anything where anybody has agreed that any part of this (payment) should be credited on the real estate notes." In my opinion there is not a single fact or circumstance tending to show that the payment was "voluntary" in the sense it was intended as a payment on these notes, or was made in acknowledgment of that debt, or from which a promise to pay those notes may be implied. All the circumstances point in the other direction.

Plaintiff admits that the payment made to satisfy the first mortgage is not sufficient to toll the statute. Had the personal property been sold under order in the claim and delivery action and the proceeds credited on the real estate notes, this would not suffice. That the amount was paid to save the personal property from sale does not, in my opinion, change this result.

I vote to affirm on both appeals.

ERVIN, J., concurs in dissent.